_____

No. 95-2897
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Eastern District of Arkansas.
Michael Anthony Williams,          *
                                   *       [UNPUBLISHED]
          Appellant.               *


_____

          Submitted:  August 20, 1996

             Filed:  August 28, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     A jury found Michael A. Williams guilty of being a felon in
possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).
Williams appeals, asserting that the district court[1] erred in denying his
motion to suppress the weapons seized at the time of his arrest and in
denying his motion for a mistrial.  We affirm.

     Reviewing de novo, we conclude that the arresting officers had a
reasonable, articulable suspicion justifying an investigatory stop, based
on details supplied by an anonymous caller and corroborated by police.  See
Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996) (standard of
review).  The caller supplied police

_____

     [1]The Honorable Susan Webber Wright, United States District
Judge for the Eastern District of Arkansas, adopting the report and
recommendations of the Honorable Jerry W. Cavaneau, United States
Magistrate Judge for the Eastern District of Arkansas.

with specific details suggesting firsthand knowledge--a description of the scene, a description of the car allegedly containing the weapons, and the exact street address--all of which were corroborated by the officers' own observations upon arrival at the scene. See United States v. Cox, 942 F.2d 1282, 1284-85 (8th Cir. 1991) (stop justified where police found specific vehicle at certain location as relayed by anonymous informant), cert. denied, 503 U.S. 921 (1992).

We also conclude the subsequent seizure of the weapons from the trunk of the car after Williams denied ownership of the car and told an officer he could search it was justified. See United States v. Thompkins, 998 F.2d 629, 632-33 (8th Cir. 1993). Although Williams contended that he did not make such statements, the district court was entitled to credit the officer's version of the events over Williams's testimony. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (district court's findings on witness credibility are virtually unassailable on appeal).

We reject Williams's final contention that the district court abused its discretion in denying his motion for a mistrial based on a comment in government counsel's closing argument, regarding how to prove "knowledge" when, among other things, there is no confession. We conclude the statement in context did not manifest an improper intent to comment on Williams's failure to testify and that the jury would not necessarily take it to be such a comment. See Parkus v. Delo, 33 F.3d 933, 940-41 (8th Cir. 1994); United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993) (standard of review). Moreover, the district court instructed the jury, immediately following the closing arguments, that the fact that Williams did not testify must not be considered or even discussed in arriving at a verdict. Cf. United States v. Biondo, 483 F.2d 635, 644-45 (8th Cir. 1973) (even if court construed prosecutor's statement to refer in any way to defendant's failure to testify,

indirectness of comment combined with specific instruction to jury rendered it harmless error), <u>cert. denied</u>, 415 U.S. 947 (1974). Because the prosecutor's remarks were directed towards explaining how, absent direct evidence, to determine whether a defendant acts with knowledge, and were not an attack on Williams's post-arrest silence, Williams does not advance his position by relying on <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976). <u>See</u> <u>id.</u> at 618 (explaining that <u>Miranda</u> warnings carry an implicit assurance that post-arrest silence will not be penalized).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.